UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JON CHEETHAM, JANET CHEETHAM,

Plaintiffs,

v.

SPECIALIZED LOAN SERVICING LLC, et al.,

Defendant.

CASE NO. 2:20-CV-762-JCC-DWC

ORDER ON MOTION TO COMPEL

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 21. This matter comes before the Court on Defendant Specialized Loan Servicing, LLC's ("SLS") Motion to Compel. Dkt. 62. SLS requests an order compelling Plaintiff Jon Cheetham to answer deposition questions. After review of the relevant record, the Motion to Compel (Dkt. 62) is denied without prejudice.

I. Background

Plaintiffs Jon and Janet Cheetham filed this lawsuit alleging violations of the Federal Fair Credit Reporting Act ("FRCA") and the Real Estate Settlement Procedures Act ("RESPA"). Dkt. 40. Plaintiffs have entered into settlement agreements with Defendants Experian, Equifax, and

Trans Union ("the CRAs"). *See* Dkt. 62; *see also* Dkt. 49 -52, 56, 57. The CRAs have been dismissed from this action. During SLS's deposition of Plaintiff Jon Cheetham[1], SLS asked Jon to provide the amount of the settlements entered into with each of the CRAs. Dkt. 62, p. 14. Plaintiffs' counsel advised Jon not to answer. *Id*. SLS now seeks to compel Plaintiffs to disclose the requested information. Dkt. 62.

## II. Discussion

### A. *Legal Standard*

The Court strongly disfavors discovery motions and prefers the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(3)(B)(i) (party may move for an order compelling discovery where a Rule 30 deponent fails to answer questions). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). The Court has broad discretion to decide whether to compel disclosure of discovery. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. *Analysis*

SLS seeks to compel Jon to respond to a deposition question inquiring into the total sum of monies Plaintiffs received from each CRA in their settlement agreements. Dkt. 62. SLS

---

[1] For clarity, the Court will refer to Plaintiff Jon Cheetham as "Jon" throughout this Order.

1 asserts the information is not privileged and is relevant because it may show that any damages
2 against SLS must be reduced. *Id*. SLS asserts the information is relevant to prevent Plaintiffs
3 from receiving double recovery for the same injury. *See* Dkt. 62, 64. Plaintiffs contend the
4 amount they received in settlements with the CRAs is irrelevant because SLS is not entitled to an
5 offset under the FCRA. Dkt. 63.

      The parties agree, and the Court finds, there is no controlling authority in the Western District of Washington. However, district courts in the Ninth Circuit have denied similar motions to compel. Courts have found FCRA defendants do not enjoy rights of contribution or indemnity to prevent double recovery and, thus, settlement information is not relevant. *See e.g. Thomasian v. Wells Fargo Bank, N.A.*, 2013 WL 4498667, at *2 (D. Or. Aug. 22, 2013) (denying motion to compel settlement agreements in FCRA case where the plaintiff had settled with the three credit reporting agencies); *Peters v. Equifax Info. Servs. LLC*, 2013 WL 12169355, at *3 (C.D. Cal. Dec. 13, 2013) (denying motion to compel confidential settlement agreement information requested during the plaintiff's deposition in FCRA case where the plaintiff had settled with credit reporting agencies); *Jansen v. Equifax Information Services, LLC*, 2010 WL 3075324, at *2 (D. Or. Aug. 6, 2010) (noting FRCA defendant did not enjoy rights of contribution or indemnity when determining if amounts of settlements were discoverable to prevent double recovery when considering attorney's fees); *Thompson v. Equifax Info. Servs., LLC*, 2019 WL 2059123, at *2 (E.D. Mich. May 9, 2019) ("there is no right to contribution or indemnification under the FCRA").

      SLS argues that, even if there is no contribution available under the FCRA, the information is relevant for SLS to seek to reduce damages under the "one satisfaction rule." Dkt. 64. Courts in the Ninth Circuit have determined the "one satisfaction rule" does not apply in

FCRA cases. *See Contreras v. Kohl's Dept. Stores, Inc.*, 2017 WL 6372646, at *3 (C.D. Cal. Dec. 12, 2017) (declining to compel discovery of settlement agreement and finding the "one satisfaction rule" did not apply in FCRA case). Further, even if the "one satisfaction rule" does apply, offset issues can be resolved post-trial. *See Zook v. Equifax Info. Servs., LLC*, 2018 WL 10604347, at *3 (D. Or. July 2, 2018) ("Even if the one satisfaction rule applies to the [FCRA] claims in this case, it is premature to order sensitive and confidential information to be disclosed before a trier of fact has determined whether any damages should be awarded"); *Peters v. Equifax Info. Servs. LLC*, 2013 WL 12169355, at *3 (C.D. Cal. Dec. 13, 2013) ("Any issue of double recovery or excess recovery can be resolved post-trial"); *Thomasian*, 2013 WL 4498667 at *2 (same).[2]

Public policy dictates that confidentiality agreements regarding settlements not be lightly abrogated, *Flynn v. Portland General Elec. Corp.*, 1989 WL 112802, at *2 (D. Or. Sept. 21, 1989), and the weight of authority holds that there is no equitable offset for causes of action under the FCRA. Further, if the "one satisfaction rule" applies to the claims in this case, the request for settlement amounts is premature.[3] Therefore, the Court finds the settlement amounts between Plaintiffs and the CRAs are not relevant and Plaintiffs are not required to answer the deposition question at this time. *See Zook,* 2018 WL 10604347 at *3 (denying motion to compel settlement agreements, including the settlement amounts, without prejudice as irrelevant at that time).

---

[2] The Court notes SLS is only requesting Plaintiffs disclose of the amount of the settlements, not the settlement agreements. *See* Dkt. 62. The Court finds SLS's request is indistinguishable from requests for the settlement agreement as the asserted purpose for obtaining the discovery -- offsetting damages – is the same.

[3] This Order makes no finding regarding whether the "one satisfaction rule" applies in this case.

### III. Conclusion

For the above stated reasons, Defendant's Motion to Compel (Dkt. 62) is denied without prejudice.

Dated this 26th day of May, 2021.

*David W. Christel*
David W. Christel
United States Magistrate Judge